**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LEHMAN BROTHERS HOLDINGS, INC.**                                               **PLAINTIFF**

v.                                          4:10CV02012-WRW

**NATIONAL BANK OF ARKANSAS IN**                                                **DEFENDANT**
**NORTH LITTLE ROCK**

**PROTECTIVE ORDER**

Pending is the Stipulation and Joint Motion for Protective Order (Doc. No. 9). The Stipulation and Joint Motion for Protective Order is GRANTED.

Pursuant to the stipulation and joint motion of the parties, I hereby enter a Protective Order pursuant to Rule 26© of the Federal Rules of Civil Procedure concerning the treatment of "Confidential" or "Highly Confidential/Attorneys Eyes Only Information," as those terms are defined below.

1.      Information designated "Confidential" or "Highly Confidential/Attorneys Eyes Only Information" (collectively, "Confidential Information") will be information that is confidential and implicates common law and statutory privacy interests of a Party or a third party and may include: (1) nonpublic personal information, or (2) trade secrets and/or confidential or proprietary information of such Party or third parties, including but not limited to nonpublic pricing, schematics, designs, specifications, evaluations, competitive analyses, customer lists and other customer-related information of such Party or third parties. As used herein, Confidential Information may include: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; © all copies, extracts, and complete or partial summaries

1

or charts or notes prepared or derived from such papers, documents or things, and (d) expert reports. Before designating any Confidential Information, the designating Party's counsel shall review the information and make a good faith determination that the information warrants protection. The handling of such Confidential Information shall be made in accordance with the terms of this Order.

2. The designation of Confidential Information may be made by marking or otherwise identifying the material in writing as "Confidential" or "Highly Confidential/Attorneys Eyes Only."

3. If a producing Party inadvertently fails to mark Confidential Information upon its production, such Party may subsequently designate such Confidential Information by giving written notice to the receiving Party and providing properly marked or designated copies within fifteen (15) days of such notice. Deposition transcripts and exhibits thereto may be designated as Confidential Information on the record at the deposition and may also be designated as Confidential Information for a period of thirty (30) days (or such longer period if the Parties so agree) after receipt of the transcript from the court reporter. Until expiration of the period set forth in the preceding sentence, and unless otherwise agreed to by the Parties, all deposition transcripts and exhibits shall be deemed Confidential Information until such time that the Party is required to make its confidentiality designations.

4. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that I determine whether the disputed information should be

subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until I rule on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

5. All Confidential Information received from any Producing Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including without limitation any other litigation or any business, competitive, or governmental purpose or function. To that end, the Parties shall not distribute or disclose any Confidential Information received in this litigation to any third party (or any of the Parties' agents, consultants, officers, directors, employees, or representatives except on a need to know basis and pursuant to such agent, consultant, employee, officer, director, or representative's obligation to maintain the confidentiality of such document or information).

6. Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential Information, shall not be disclosed except as set forth in paragraphs 7 and 8.

7. Confidential Information may only be disclosed to the following persons:

(a) Outside counsel of record for any Party to this action;

(b) Paralegal, stenographic, clerical and secretarial personnel employed by counsel listed in (a) (including but not limited to photocopy service personnel and document management vendors, such as coders and data entry personnel, retained by outside counsel);

© In-house counsel employed by a Party to this action (including their staff whose functions require access to such information), business persons employed by a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action, and persons employed by an insurer of a Party to this action, and persons employed by an insurer of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action, and persons employed by an insurer of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action;

(d) Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

(e) Non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

(f) Any person identified on the face of any such Confidential Information as an author or recipient thereof;

(g) Any person who is determined to have been an author and/or previous recipient of the Confidential Information, but are not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

(h) Any non-party engaged by the Parties or appointed by me for the purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate; and

(I) Any person as ordered by the Court.

8. Any Party to this Order may designate any information, document, or thing produced in connection with this litigation as "Highly Confidential/Attorneys Eyes Only Information." Such designation shall apply only to materials and information of a proprietary business or technical nature that might reasonably be of value to a competitor or potential customer of the Party or non-party holding the proprietary rights thereto, and materials and information that might reasonably pose a commercial disadvantage to the Producing Party. Any information, document or thing designated as "Highly Confidential/Attorneys Eyes Only Information" may only be disclosed to:

(a) Outside counsel of record for any Party to this action and any paralegal, stenographic personnel, clerical personnel, photocopy service personnel, document management personnel (including coders and data-entry personnel), and secretarial personnel employed by outside counsel.

(b) Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators.

© A non-party engaged by the Parties or appointed by me for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate.

(d) Independent experts or technical and/or business consultants or similar persons whose assistance may be required for preparation for and/or trial of this action and who are retained by a Party for the purpose of assisting with the prosecution or defense of this action, provided such

persons are not employees, officers or agents of any Party to this action or employees, officers or agents of a competitor of any Party to this action.

9. Any person to whom Confidential Information is furnished, shown, or disclosed shall, prior to the time he or she receives access to such materials, be provided by counsel furnishing such material a copy of this Order, and shall certify that he or she has read the Order, and agree to be bound by its terms by signing the certificate attached as Exhibit A. Counsel making disclosure to any person as described above will retain the original executed copy of said certificate and provided said certificate to counsel for the Producing Party, upon good cause shown or agreement of the Parties.

10. The restrictions on the use of Confidential Information established pursuant to this Order do not apply to the use by a Party, person, or entity of the Confidential Information it produces.

11. Notwithstanding the provisions of this Order, persons authorized to review Confidential Information under this Order may make generalized, non-specific disclosure of information derived from Confidential Information without revealing specific facts or figures of Confidential Information to senior executives of a Party as may be reasonably necessary in connection with the management, prosecution, and/or settlement of this litigation. Such disclosure will not include any detailed Confidential Information of the other Party and shall be as limited as possible for such executive(s) to make decisions with respect to this litigation.

12. The provisions of this Order are without prejudice to the right of any Party to this Order to:

(a) Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under Arkansas or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to Arkansas or federal law;

(b) Seek to modify or obtain relief from any aspect of this Order; or

© Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Order. This Order will not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

13. Confidential Information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions and oral arguments in this action, either as exhibits or as the basis for questions. Confidential Information and pleadings, briefs, or other papers quoting or discussing Confidential Information may be filed under the seal of the Court upon proper motion and order. The Parties agree to cooperate to de-designate Confidential Information to be filed in Court filings to the largest extent possible so as to minimize the necessity to file information under seal.

14. If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present at the time the Confidential Information is disclosed. The portions of the transcripts of all testimony designated as Confidential Information will be labeled with the appropriate designation by the reporter. If any document or information designated as Confidential or Attorneys Eyes Only Information pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material will be labeled with the appropriate designation.

15. In the event of a hearing or trial in this matter at which any Party intends to present Confidential Information or materials designated hereunder to the Court or a jury, counsel for the Parties will meet and confer to determine what safeguards, if any, may be necessary to protect against the disclosure of the designated information or materials, and will attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the Parties will confer on appropriate procedures for protecting the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and will incorporate such procedures, as appropriate, in the pre-trial order.

16. Within ninety (90) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Information received under the provisions of this Order, will be tendered back to the Producing Party, or, at the direction of the Producing Party, destroyed except to the extent that any of the foregoing includes or reflects work product of the receiving Party (which work product may be maintained by outside counsel for the Parties, but not by the Parties themselves), and except to the extent that such material has been filed with a court in which proceedings related to this action are being conducted, provided such information is stored in a manner so as to preserve its confidentiality.

17. If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving Party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed will immediately give written notice thereof to the Producing Party with respect to such information and will afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.

18. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information designated as Confidential by counsel is subject to protection under Rule 26© of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling will have been made.

19. The terms of this Order will be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

20. All persons subject to the terms of this Order agree that I will retain jurisdiction over them for the purpose of enforcing this Order.

IT IS SO ORDERED this 13th day of January, 2011.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE